CIVIDANES v. AMORÓS HERMANOS.

APPEAL from the District Court of San Juan.

No. 75.—Decided June 16, 1905.

APPEAL—STATEMENTS OF FACT—QUESTIONS OF FACT.—If the evidence taken on a trial forms no part of the transcript of the record, the questions of fact, which must be proved by the result thereof, cannot be considered on appeal.

SERVITUDE OF PASSAGE.—A property owner who considers that he has a right to a servitude of passage must make his demand in accordance with the provisions of section 564 of the Civil Code.

ID.—PRESCRIPTION.—In order to acquire by prescription a servitude of passage, it

is necessary that the use shall have continued during a longer period than forty years.

ID.—MORTGAGE LAW—UNRECORDED TITLE.—The provisions of the Mortgage Law cannot be invoked to determine the effects of the contract establishing a servitude of passage where the title has not been recorded in the registry of property.

The facts are stated in the opinion.

*Mr. Alvarez Nava,* for appellant.

*Mr. Manuel F. Rossy,* for respondents.

Mr. JUSTICE WOLF delivered the opinion of the court.

In this case, which is an appeal from the District Court of San Juan, acting as a court of second instance or appeals, the principal strife was over the effect to be given to a contract or agreement, the essential conditions of which are as follows:

The Gual brothers in order to proceed from their plantation "Reunión" through the plantation "Merced" of the Sabater brothers to arrive at the lands called "Manfredo," which they possess in Cayures, ward of Jobos, may use the land, which, from the road of Las Marias, leads from east to west for a distance of 363 *varas* (Spanish yards) to the plantation "Merced" and then, proceeding from north to south, they may use a lane of "La Merced," which is 6 yards wide and bordered on the west by the cane fields of "La Moca" and "Vieja Maria," and on the east by pasture lands of "La Moca" of the same plantation; which passage shall serve for laborers, horses and carts, up to the aforesaid lands of "Manfredo."

This servitude (or right of way) shall be for the exclusive benefit of the Gual brothers and their legitimate successors while they are the owners of "La Reunion," "for from the moment (says the deed) at which the said plantation becomes the property of a third party, the servitude shall cease to exist and the Sabater brothers shall have the right to prohibit the passage through their plantation."

The said contract was made before a notary public and is

dated May 20, 1886, but was never recorded in the registry of property.

In 1891 the appellants purchased the alleged dominant estate from the brothers Gual and Silven, named in the deed. The appellee brought the suit as the representative of his wife, whose father acquired the alleged servient estate at an execution sale against the McCormick brothers, the purchasers from the Sabater brothers, likewise named in the deed.

The appellants maintain that the servitude mentioned in the deed is a right of way of necessity. As the proof, through accident or otherwise, did not come up with the record, it is impossible for us to decide that question in favor of the appellants even if their contentions were correct. There are, however, strong indications from the findings of the court (to which there is no dissent) that it did not err in finding that there was no way of necessity proved. We further agree with the court that the appellants should have asserted the alleged right in a different proceeding, as prescribed by law. (See art. 564 of the former Civil Code.)

The appellants also maintain that the servitude claimed though of a discontinuous nature, could be acquired by prescription. In this class of servitude, being discontinuous and apparent, they contend it is not necessary to prove a title but only to show a use from time immemorial. With respect to this second contention, the proof brought up to this court is likewise totally defective. The appellants, as their only recourse, rely on the findings of the court below and the dissenting opinion of Judge Richmond; but it is evident that the latter did not intend to give any weight to the statement of the witness, who declared that he had heard from his father that the right of way had always existed. The court found that there was proof to the effect that the use had existed for some forty years and as that is the utmost time that could be considered as proved we find no error in the conclusion of the court in its ninth *considerando* that the prescription had not been demonstrated, a longer period be-

ing necessary under the decisions of the Supreme Court of Spain.

Let us suppose that including their own period of possession of the dominant estate the appellants had shown that the lanes or alleys had been used for more than the period necessary for prescription. Nevertheless, the laws of recordation, such as the Mortgage Law, are for the benefit of those who inscribe their titles, among whom would have come the appellants if they had taken the proper steps to make and prove their claim of servitude. However, as their claim depended on a matter outside the Mortgage Law, the latter can not govern the effect to be given the contract of 1886.

The contract was made by the predecessors in title of the Amoros brothers and is binding on them. There was just as much of a duty imposed on the appellants to record their prescriptive right as there was to record the contract. Supposing that each took without notice of the claim of the other, the appellee has just as much right to be regarded as an innocent purchaser as have the appellants.

We do not agree with the contention of the appellants that the contract is a mere "modus vivendi." Conceding it, it would then seem necessary to prove the prescriptive right as accrued in 1886. As the witnesses testified about fourteen years later, a like number of years would have to be deducted from their ages as well as their calculations, with a corresponding diminution in the force of appellant's contention of such prescriptive right.

We find nothing in the record to justify the claims of the appellants nor any reason for disturbing the amount of damages found by the district court, whose judgment must be affirmed in all its parts.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.